**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION**

| | | |
|---|---|---|
| ERNEST HINTON HOGAN, JR., | : | |
| | : | |
| Plaintiff | : | |
| | : | 1:05-CV-143(WLS) |
| vs. | : | |
| | : | |
| JAMES DONALD, KEVIN ROBERTS, | : | |
| CHRIS RAILEY, SERGEANT BLAKMON, | : | **PROCEEDINGS UNDER 42 U.S.C. § 1983** |
| OFFICER GALLOWAY, | : | **BEFORE THE U.S. MAGISTRATE JUDGE** |
| | : | |
| Defendants | : | |

**RECOMMENDATION**

*Pro se* prisoner plaintiff **ERNEST HINTON HOGAN, JR,** presently confined at Calhoun State Prison ("Prison") in Morgan, Georgia filed the above-styled complaint pursuant to 42 U.S.C. § 1983. Plaintiff has paid the civil filing of $250.00

***I. STANDARD OF REVIEW***

  ***A.  28. U.S.C. § 1915A***

Because plaintiff is a prisoner seeking redress from employees of a governmental entity, the Court is conducting a review of the instant complaint for frivolity under 28 U.S.C. § 1915A. A court is required to identify claims or dismiss the complaint or portion thereof if the complaint: (1) is frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §1915A.

An action is frivolous when the plaintiff's legal theory or factual contentions lack an arguable basis either in law or fact. ***Neitzke v. Williams***, 490 U.S. 319 (1989). A claim is frivolous as a matter of law where, *inter alia*, the defendants are immune from suit, the claim seeks to enforce

1

a right which clearly does not exist, or there is an affirmative defense which would defeat the claim, such as the statute of limitations. *Id*. at 327; *See also* **Clark v. Georgia Pardons & Paroles Bd.**, 915 F.2d 636, 640 n. 2 (11th Cir. 1990).

### B. General Requirements of 42 U.S.C. § 1983

In any action under 42 U.S.C. § 1983, the initial question presented to the court is whether the essential elements of a § 1983 cause of action are present.  First, a plaintiff must allege that an act or omission deprived him of a right, privilege or immunity secured by the Constitution or laws of the United States.  Second, he must allege that the act or omission was committed by a person acting under color of state law.  **Parratt v. Taylor**, 451 U.S. 527, 535, *overruled in part on other grounds*, 474 U.S. 327 (1986).

## II.  PLAINTIFF'S ALLEGATIONS

Plaintiff alleges that Prison employees confiscated his property including legal transcripts in violation of his constitutional rights.  Plaintiff names James Donald, Kevin Roberts, Chris Railey, Sergeant Blakmon and Officer Galloway as defendants.

## III.  DISCUSSION

The Eleventh Circuit has held that "a random and unauthorized deprivation [of property] does not violate procedural due process if the state provides and adequate post-deprivation remedy." **Carcamo v. Miami-Dade County**, 375 F.3d 1104, 1105 (11th Cir. 2004)(per curiam).  However, such post-deprivation remedies do not satisfy due process if the deprivation was the result of an established state procedure, rather than a random and unauthorized action. **Wright v. Newsome**, 795 F.2d 964, 967 (11th Cir. 1986)(per curiam).

As such, plaintiff has set forth enough facts to survive frivolity review although he has not set forth sufficient facts against each defendant.

A plaintiff cannot prevail under 42 U.S.C. § 1983 based solely on a theory of respondeat superior. ***Rogers v. Evans***, 792 F.2d 1052, 1058 (11th Cir. 1986); ***H.C. by Hewett v. Jarrard***, 786 F.2d 1080, 1086-87 (11th Cir. 1986). In order to prevail on a § 1983 claim against a supervisory official, a plaintiff must show that the named defendant was actually involved in, or exercised control or direction over, the alleged constitutional deprivation. ***Cotton v. Jenne***, 326 F.3d 1352, 1360 (11th Cir. 2003); ***Hartley v. Parnell***, 193 F.3d 1263, 1269 (11th Cir. 1999). The plaintiff must also allege deprivation of rights by individual employees in their official capacity. ***Kentucky v. Graham***, 473 U.S. 159, 166 (1985); ***Patrick v. Floyd Med. Ctr.***, 201 F.3d 1313, 1316 (11th Cir. 2000); ***McLaughlin v. City of LaGrange***, 662 F.2d 1385, 1388 (11th Cir. 1981).

Plaintiff has not demonstrated that James Donald was actually involved in, or exercised control or direction over, the alleged constitutional deprivation in this case. Therefore, it is the **RECOMMENDATION** of the undersigned that the claim against defendant James Donald be **DISMISSED** and that said party be terminated as a party herein.

Pursuant to 28 U.S.C. § 636(b)(1), plaintiff may serve and file written objections to this **RECOMMENDATION** with United States District Judge to whom this case is assigned, by filing the same in writing with the Clerk **WITHIN TEN (10) DAYS** after being served with a copy thereof.

## III. CONCLUSION

As the Court has concluded its review, plaintiff may now serve his complaint on the remaining defendants in accordance with the provisions of Federal Rule of Civil Procedure 4.

**SO RECOMMENDED**, this 10th day of November, 2005.

/s/ Richard L. Hodge
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE

mh