IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| ERNEST HINTON HOGAN, JR., | : | |
| Plaintiff, | : | |
| VS. | : | CIVIL ACTION FILE NO. |
| | : | **1 : 05-CV-143 (WLS)** |
| KEVIN ROBERTS, Warden, et. al, | : | |
| Defendants. | : | |

## RECOMMENDATION

Presently pending in this *pro se* prisoner § 1983 action is plaintiff's motion for a writ of mandamus (Doc. 8) and his motion for a court order (Doc. 14).

*Plaintiff's Motion for Writ of Mandamus (Doc. 8)*

Plaintiff seeks to have trial transcripts and other documents that he sent home returned to him so that he can continue to pursue post-conviction remedies. Plaintiff alleges that officials at Calhoun State Prison will only allow him limited access to his trial transcript, which renders him unable to fully explore post-conviction remedies. He also states that he has had to send home documents and treatises he needs to pursue post-conviction remedies or face the documents destruction due to defendants' policies to limit documents kept by inmates in their prison cells. In essence, plaintiff is asking for injunctive relief.

In order to obtain injunctive relief, a plaintiff must prove that: 1) there is a substantial likelihood that he will prevail on the merits; 2) he will suffer irreparable injury unless the injunction issues; 3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and 4) the injunction, if issued, would not be

adverse to the public interest. Zardui-Quintana v. Richard, 768 F.2d 1213, 1216 (11th Cir. 1985); Snook v. Trust Co. of Georgia Bank of Savannah, N.A., 909 F.2d 480, 483 (1990). Injunctive relief will not issue unless the conduct at issue is imminent and no other relief or compensation is available. Cunningham v. Adams, 808 F.2d 815, 821 (11th Cir. 1987).

The preliminary injunction is "an extraordinary and drastic remedy not to be granted unless the movant 'clearly carries the burden of persuasion' as to the four prerequisites; [furthermore], '[t]he burden of persuasion in all of the four requirements is at all times upon the plaintiff.'" United States v. Jefferson County, 720 F.2d 1511, 1519 (11th Cir.1983) (quoting Canal Authority v. Callaway, 489 F.2d 567 (5th Cir.1974)).

It does not appear to the undersigned that plaintiff has proven he is entitled to the relief requested, as he has not met the requirements for injunctive relief. Therefore, it is the RECOMMENDATION of the undersigned that plaintiff's motion for mandamus be **DENIED** at this time. Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this recommendation with the Honorable W. Louis Sands, United States District Judge, WITHIN TEN (10) DAYS of receipt thereof.

*Plaintiff's Motion for Court Order (Doc. 14)*

Plaintiff is requesting injunctive relief against certain officials who are not parties to this suit to comply with Georgia Department of Corrections Standard Operating Procedures to allow plaintiff to fully exhaust grievances. Injunctive relief cannot be taken against officials who are not party to this suit. It is therefore the RECOMMENDATION of the undersigned that plaintiff's motion be **DENIED**. Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this recommendation with the Honorable W. Louis Sands, United States District

Judge, WITHIN TEN (10) DAYS of receipt thereof.

**SO RECOMMENDED**, this 21st day of February, 2007.

/S/ Richard L. Hodge
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE