IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| ERNEST HINTON HOGAN, JR., | : | |
| Plaintiff, | : | |
| VS. | : | CIVIL ACTION FILE NO. |
| | : | **1 : 05-CV-143 (WLS)** |
| KEVIN ROBERTS, Warden, et. al, | : | |
| Defendants. | : | |

**RECOMMENDATION**

Presently pending in this *pro se* prisoner § 1983 action is defendants' motion to dismiss the complaint (doc. 19) for failure to exhaust administrative remedies.

Plaintiff filed the instant action On October 17, 2005. In his complaint, plaintiff alleges that defendants, all officials at Calhoun State Prison, confiscated his property, including his legal documents, in violation of his constitutional rights.

In his complaint, plaintiff acknowledges that Calhoun State Prison has a grievance procedure, but he states that officials did not comply with their own procedure.

Calhoun State Prison has a grievance process in place that enables inmates to express concerns regarding prison conditions. To have prison-related concerns addressed, an inmate must first file an informal grievance, which is to be filed no later than ten days from the date the inmate knew, or should have known, of the facts giving rise to the complaint. If the informal grievance is denied, the inmate must then complete and file a Formal Grievance Form within five days of the denial. The Warden then reviews the formal grievance and makes a determination. Should the Warden deny the inmate's formal grievance, the inmate has four days

to file an appeal. His appeal is then forwarded to the Division Director, where it is reviewed and a decision is rendered. This completes the grievance procedure. (Affidavit of Dedra Edwards, ¶ 4).

According to the evidence submitted by defendants, plaintiff filed formal grievance number GR-0547-06-0017 (which relates to access to the courts) on February 17, 2006 and GR0547-06-0015 (which relates to complaints about his mail) on February 14, 2006. (Affidavit of Dedra Edwards, ¶5) Both grievances were denied at the institutional level. (Affidavit of Dedra Edwards, ¶ 6). Plaintiff did not appeal. (Affidavit of Dedra Edwards, ¶ 7).

In response to the motion to dismiss, plaintiff asserts that defendants did not comply with their own procedures. Plaintiff asserts that he filed an informal grievance on September 15, 2005, prior to filing this lawsuit. Because he did not receive a response within the time frame contemplated by the grievance procedures, plaintiff filed this lawsuit on October 17, 2005, approximately one month after filing an informal grievance. Plaintiff received a reply from the chief counselor regarding his informal complaint on January 12, 2006. (Edwards aff. Doc. 27).

Plaintiff submits copies of informal and formal grievances he filed in 2006 (doc. 23, 29). However, the only grievance plaintiff filed prior to the filing of this lawsuit is the informal grievance he filed September 15, 2005. Therefore, it is clear that plaintiff did not fully exhaust administrative remedies prior to the filing of this lawsuit, although it is clear that he has attempted to do so since filing this lawsuit.

Section 1997e(a) of the PLRA mandates that "no action shall be brought" by a prisoner under any federal law until the prisoner has exhausted all "administrative remedies as are available," as follows:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison or

other correctional facility until such administrative remedies as are available are exhausted.

Alexander v. Hawk, 159 F.3d 1321, 1324 (11th Cir. 1998).

"That provision plainly requires that administrative remedies be exhausted *before* the filing of suit, rather than while the action is pending." Wendell v. Asher, 162 F.3d 887, 890 (5th Cir. 1998) (emphasis in original). Exhaustion of administrative remedies is a precondition to the filing of a §1983 suit in federal district court. Leal v. Ga. Dep't of Corr., 254 F.3d 1276, 1279 (11th Cir.2001) (per curiam). See also Lyons v. Serrano, 205 Fed. Appx. 719, (11th Cir. 2006).

According to records maintained at the prison, plaintiff failed to exhaust the administrative remedies available to him prior to the filing of this lawsuit. Plaintiff has failed to rebut this evidence in any way by claiming that he did in fact comply with the grievance procedure and thereby exhausted his administrative remedies. Plaintiff has not satisfied the exhaustion requirement of § 42 U.S.C. 1997(e). The clear mandate of Alexander v. Hawk is that a prisoner must exhaust the remedies available under an administrative remedy program before filing an action such as this.

Therefore, it is the RECOMMENDATION of the undersigned that defendants' motion to dismiss be **GRANTED**. Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this recommendation with the Honorable W. Louis Sands, United States District Judge, WITHIN TEN (10) DAYS of receipt thereof.

**SO RECOMMENDED**, this 22nd day of August, 2007.

/S/ Richard L. Hodge
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE

msd